**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

VERNON E. ODOM,

    Plaintiff,

v.                                                                        Case No: 5:15-cv-606-Oc-30PRL

CITRUS COUNTY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Defendant Citrus County's Motion to Dismiss (Doc. 24) and Plaintiff Vernon Odom's response in opposition (Doc. 25). Having reviewed the filings, the complaint, the record, and the relevant law, the Court concludes the complaint must be dismissed.

    Plaintiff filed this *pro se* suit regarding the disrepair to East Moccasin Slough, a mile-long road in Citrus County that causes Plaintiff severe pain when he travels due to pot holes and run outs. This Court admonished Plaintiff that his complaint failed to establish federal jurisdiction or state a cognizable cause of action and ordered Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure. (Doc. 4, pp. 6–7). Plaintiff never filed an amended complaint. Defendant then filed the instant motion asking the Court to dismiss the complaint for a variety of reasons, including lack of subject-matter jurisdiction, failure to properly serve the complaint, failure to state a claim, failure to comply with the Federal Rules of Civil Procedure, sovereign immunity, and lack of a

duty to maintain East Moccasin Slough, if Plaintiff is attempting to state a claim based on failure to maintain. In response, Plaintiff admits that he sought out an attorney to assist him who told Plaintiff he "was wasting [his] time." (Doc. 25, p. 2).

In reviewing a *pro se* complaint, the court must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The Court concludes Plaintiff's complaint must be dismissed. The complaint fails to state any claim this Court can discern, and Plaintiff has not established that this Court has subject-matter jurisdiction. Given the nature of the complaint—the failure to fix or pave East Moccasin Slough—the Court is also of the opinion that any attempt to amend the complaint would be futile. This is especially true since Plaintiff was told by an attorney, who presumably talked directly with Plaintiff, that his case was a waste of time.

As previously noted, the Court is not unsympathetic to Plaintiff. However, the Court simply does not have the authority to grant Plaintiff any relief.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff Vernon E. Odom's Complaint (Doc. 1) is DISMISSED without prejudice.

2. All pending motions is denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of November, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record